Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 494 | **DATE** | 5/21/2002 |
| **CASE TITLE** | Rose Hersey vs. Patten Industries | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Ruling held. **ENTER MEMORANDUM OPINION:** Patten's motion (Doc 13-1) for summary judgment is granted in its entirety, and their request to strike is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 22 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 24 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | 02 MAY 21 PM 3:23 | MAY 22 2002 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROSE HERSEY, | ) | DOCKETED |
| | ) | MAY 2 2 2002 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 01 C 494 |
| | ) | |
| PATTEN INDUSTRIES, an Illinois corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on a motion for summary judgment and a motion to strike by Defendant Patten Industries ("Patten"). For the reasons set forth below, the motion for summary judgment is granted and the motion to strike is denied as moot.

## BACKGROUND

Plaintiff Rose Hersey ("Hersey') is a former employee of Patten. Patten is a dealer of Caterpillar machinery in Elmhurst, Illinois. While employed at Patten, Hersey was a secretary in the Warranty Department. Her duties included logging in and matching work orders to invoices, processing and filing warranty claims, and checking the accuracy of claim information within the department computer system. In early 1998, Hersey learned that her supervisor, Len Vinyard ("Vinyard"), was retiring from

his position as Warranty Processor. Hersey had observed Vinyard's job and the tasks it entailed, and she assumed that because of her position within the Warranty Department, she would be the logical choice to replace Vinyard.

Unbeknownst to Hersey, Bill Borre, Patten's Customer Relations Manager, had concluded that the duties performed by the Warranty Processor would be expanded to include basic knowledge of mechanical skills and machine and Caterpillar engine parts as well as the ability to drive a forklift. On June 2, 1998, a notice of the job opening describing the newly defined position was posted within Patten's facility and several classified ads also appeared in local newspapers. The internal posting instructed any staff member interested in the position to file an application with Patten's personnel department in addition to notifying that person's supervisor. The posting stated that, among other things, the position involved "handling and storage of failed warranty parts using a forklift truck and hand truck."

Hersey expressed interest in the position to her supervisor, Bruce Johnston, but the record contains no evidence that she ever formally applied with the personnel department. An applicant named Anthony Rizzo ("Rizzo") was ultimately hired to fill the Warranty Processor position in September 1999.

Meanwhile Hersey and eleven other Patten employees were fired as a part of a reduction in force of the sales, service, and product support departments at Patten. Consequently, Hersey filed the instant suit. Count I alleges that Patten's hire of Rizzo rather than Hersey was the product of unlawful sex discrimination. Count II advances

a claim that Hersey's termination was based on her age, not a reduction in force. Count III claims that both her termination and Patten's decision to pass her by for the Warranty Processor position were in retaliation for complaints she made about their actions toward her.

## LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact ." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quoting Fed.R.Civ.P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." <u>Celotex</u>, 477 U.S. at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts," <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986); rather, "[a] genuine issue exists when the evidence is such that a reasonable jury could find for the

non-movant," Buscaglia v. United States, 25 F.3d 530, 534 (7th Cir. 1994). With these principles in mind, we turn to Patten's motion.

## DISCUSSION

As an initial matter, we address Patten's motion to strike the affidavit attached to Hersey's response to their motion. They point out that the signature on the affidavit does not match Hersey's signature that is found on other, earlier filed papers.[1] (Pl.'s Exh. 1 at 000054, Pl.'s Exh. 2, Comp. Exh. 1). Patten argues, in essence, that because the signature on the affidavit does not match Hersey's earlier signatures, the affidavit is unsigned and is therefore inadmissible as evidence in support of Hersey's response. See Chiaramonte v. Fashion Bed Group, 129 F.3d 391, 400 (7th Cir. 1997). However, we need not reach the issue of the authenticity of the signature or the resultant ramifications, because Hersey cites to the affidavit only in her response to Patten's Rule 56.1 statement of facts. Local Rule 56.1(b) requires that a nonmovant's response to a statement of facts include "references to the affidavits, parts of the record, and other supporting materials relied upon." However, citations to entire documents are insufficient to comply with the rule; the nonmovant's response must identify the specific location of the supporting information within the document referenced. Brasic v. Heinemann's, Inc., 121 F.3d 281, 285 (7th Cir. 1997). Strict compliance with the rule is required to avoid admitting the facts advanced in the movant's statement of facts.

---

[1] This discrepancy is particularly troubling given that Hersey's counsel notarized the signature. Pl.'s Aff. at 3.

-4-

See, e.g., Bordelon v. Chicago Sch. Reform Bd. of Trustees, 233 F.3d 524, 527 (7th Cir. 2000). Here, Hersey's controversions of Patten's 56.1 statement are supported by only general references to her affidavit. Because of this noncompliance, each of the facts Hersey attempts to dispute are deemed admitted by operation of the rule. As such, there is no need to consider the affidavit or its contents, and the motion to strike is moot.

**Count I: Sex Discrimination**

In support of her Title VII claim that Patten failed to promote her on the basis of her sex, Hersey has produced no direct evidence of discrimination. She must therefore begin by showing the four elements of her prima facie case: (1) she belongs to a protected class; (2) she applied for a job for which she was qualified; (3) despite her qualifications, she was not given the position; and (4) after she was turned down, the position was filled by someone not in the protected class. See McDonnell Douglas v. Green, 93 S.Ct. 1817, 1824 (1973); Gorence v. Eagle Food Centers, 242 F.3d 759, 765 (7th Cir. 2001). If Hersey makes it past this initial hurdle, the burden shifts to Patten to advance a legitimate business reason for its decision to choose another candidate for the Warranty Processor position. McDonnell Douglas, 93 S.Ct. at 1824. Hersey must then show that Patten's reason is pretextual, or Patten is entitled to summary judgment on her claim. Id. at 1825.

The first and fourth elements of the prima facie case are satisfied; Hersey is a female and the position was ultimately taken by Rizzo, a male. However, her showing on the second and third elements comes up short. Most importantly, Hersey was not

qualified to perform the new duties assigned to the Warranty Processor. She could not operate a forklift, nor could she identify engine parts. In addition, she did not show a sufficient working knowledge of the operation of machinery that the Processor would need to be familiar with. Pl.'s Dep. at 77, 79-81. We will not second guess Patten's decision that these skills were necessary to the position. See Gorence, 242 F.3d at 765 (stating that courts should not interfere with a business's decision as to necessary qualifications for a particular job). Moreover, Hersey never notified Patten's personnel department of her desire to apply for the job, precluding a conclusion that she applied for the position. She contends that she did all that was necessary by notifying her supervisor that she was interested in the promotion, but the job posting that she acknowledges she saw in June 1998 clearly states that interested parties needed to contact the personnel department. An employer has as much discretion to choose application procedures as job qualifications. See id. Furthermore, because Hersey has not shown that she held all the qualifications that were required for a Warranty Processor, she cannot satisfy the third element, which requires that a plaintiff be passed up for a position *despite* being fully qualified.

Even if Hersey were able to make a prima facie showing, she has advanced no evidence that Patten's decision to hire Rizzo was not based on a conclusion that he was more qualified than she to perform the duties of the Warranty Processor, i.e., that their rationale is pretextual. A simple comparison of their respective resumes shows that Rizzo had much more exposure to and experience with machinery and engine parts.

Although Hersey had a better sense of the administrative operations of the warranty department, the responsibilities within the Processor's purview extended far beyond handling the paperwork the department generated. For both these reasons, then, Patten is entitled to summary judgment of Hersey's Title VII claim.

**Count II: Age Discrimination**

Like her Title VII claim, Hersey's claim, asserting that her termination was based on her age and thus violated the Age Discrimination in Employment Act ("ADEA"), is not supported by direct evidence and thus must proceed under the McDonnell-Douglas analysis if at all. The elements of an age discrimination claim bear some resemblance to those for a Title VII claim; Hersey must show (1) she is over 40 years old; (2) that she was performing her job satisfactorily; (3) that she suffered an adverse employment action, and (4) that other substantially younger and similarly situated employees received more favorable treatment. Bennington v. Caterpillar, Inc., 275 F.3d 654, 659 (7th Cir. 2001). A ten-year difference in ages is presumptively substantial for prima facie purposes. Id. She is 62 years old, there is no dispute that she was an excellent employee, and termination is the quintessential adverse employment action. Hersey therefore has no problem with the first three elements but her momentum dissipates on the fourth element. Within a day of terminating Hersey's employment, Patten fired four other employees, aged 30, 36, 42, and 47. This clearly shows that substantially younger, similarly situated employees were treated exactly the same as Hersey, obliterating any chance she had of a successful showing of the final element of her case.

In addition, Hersey has again failed to show any pretext within Patten's reason for her termination. Patten claims that, to reduce operating costs, eleven positions were identified based on the degree of impact their elimination would cause. Hersey's position was one of those identified. Hersey has produced no evidence to rebut this contention. Her only argument is that Patten hired other people and did not reduce their overall workforce numbers. However, the mere headcount of Patten employees indicates nothing; Hersey does not show that Patten's costs went up or even remained the same, nor does she show that the positions that were filled were comparable to those that were eliminated. In addition, it is incredible to suggest that Patten would fire four other employees to cover up Patten's true motive of discriminating against Hersey because of her age. Thus, we must conclude that Count II faces the same fate as Count I.

**Count III: Retaliation**

Finally, we turn our attention to Hersey's retaliation claim, which suffers from the most fundamental of deficiencies. She claims that Patten denied her the Warranty Processor position and ultimately terminated her employment in response to complaints she made about their unlawful treatment of her. In her deposition, however, she unequivocally stated that she made no statements to Patten's management with regard to the situation outside of expressing her desire to transfer into the position in question. Patten simply could not retaliate against Hersey for complaints that were never lodged, and they are entitled to summary judgment of Count III as well.

## CONCLUSION

Based on the foregoing analysis, Patten's motion for summary judgment is granted in its entirety, and their motion to strike is denied as moot.

_Charles P. Kocoras_
Charles P. Kocoras
United States District Judge

Dated: _May 21, 2002_